[698 NYS2d 247]

In the Matter of Alfred J. Parisi (Admitted as Alfred Joseph Parisi), a Disbarred Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, November 8, 1999

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Diana J. Szochet* and *Robert J. Saltzman* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated June 6, 1997, a disciplinary proceeding was authorized against the respondent. The issues raised therein were referred to the Honorable Robert T. Groh, as Special Referee, to hear and report. The June 6, 1997 order denied that branch of the Grievance Committee's motion which was to suspend the respondent pending consideration of the charges.

By decision and order on motion of this Court dated December 19, 1997, the Grievance Committee was authorized to institute another disciplinary proceeding against the respondent based on his failure to cooperate with the Committee's investigation of a complaint against him. Those issues were also referred to Special Referee Groh. That order also suspended the respondent from the practice of law, pursuant to 22 NYCRR 691.4 (*l*) (1) (i), pending charges of professional misconduct against him, upon a finding that he was guilty of professional misconduct immediately threatening the public interest based upon his persistent failure to comply with the demands of the Grievance Committee in connection with a pending investigation.

By opinion and order dated May 11, 1998, the Court disbarred the respondent upon the conclusion of the disciplinary proceeding authorized by the June 6, 1997 order. By decision and order on motion also dated May 11, 1998, the Court denied as academic the Grievance Committee's motion to adjudge the respondent in default based upon his failure to answer the charges alleged in the proceeding authorized by the order dated December 19, 1997.

The Grievance Committee's motion to adjudicate the respondent in contempt emanates from his allegedly contumacious refusal to comply with the interim suspension contained in the decision and order on motion of this Court dated December 19, 1997, which suspended him from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i). The respondent was served with a Specification of Contempt Charges dated April 22, 1998, and thereafter, pursuant to this Court's directive, a hearing was conducted on November 18, 1998, before Special Referee Groh on the issue of contempt.

The proof at the hearing established that the respondent was served with the order of suspension on December 29, 1997. On January 27, 1998, the respondent served an affidavit of compliance. On January 29, 1998, he appeared at a real estate closing as attorney for the seller and prepared an escrow agreement "as attorney" on behalf of the seller. Pursuant to that agreement, the respondent apparently accepted the sum of $8,000 to hold "in escrow." The closing statement indicates that a payment of a legal fee in the sum of $1,155 was made to the respondent.

At the hearing before the Special Referee the respondent explained that it was his understanding, when he received the order of suspension and a copy of the Court rules, that he was permitted to complete any matter that was ongoing. By attending the closing, the respondent was merely closing out a matter that had existed from approximately September 1997. The respondent was of the opinion that the rules did not prohibit him from taking a new escrow on behalf of an existing client. In particular, he believed that he was permitted to attend a closing which had been scheduled a month previously and that he could hold the escrow for an indefinite period of time until the underlying issue was resolved. The respondent felt that he could participate in resolving the underlying issue.

Based upon the evidence adduced, Special Referee Groh concluded that the respondent was guilty as charged. The Special Referee concluded that the respondent improperly relied on his own belief that he had the right to conclude these matters. The Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent is adjudged to be in criminal contempt of this Court's order of suspension, dated December 19, 1997, in violation of Judiciary Law § 750 (A) (3).

In determining an appropriate measure of discipline to impose, we have considered that the respondent is currently incarcerated for a term of three to nine years based upon his plea of guilty to the crime of grand larceny in the second degree in the Supreme Court, Queens County, on November 9, 1998, and his sentencing on January 20, 1999. On August 6, 1999, the respondent was sentenced to a term of one year, to run concurrently with the previously imposed sentence, upon his plea of guilty to the crime of forgery in the second degree. Under the totality of circumstances the respondent is fined the sum of $1,000 for his criminal contempt.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered and Adjudged that the respondent is in criminal contempt of court by reason of his wilful disobedience of the decision and order on motion of this Court dated December 19, 1997, which suspended him from the practice of law, pursuant to 22 NYCRR 691.4 (*l*) (1) (i), pending charges of professional misconduct against him; and it is further,

Ordered and Adjudged that upon his conviction of criminal contempt the respondent shall pay a fine in the sum of $1,000; and it is further,

Ordered that within 30 days of service upon him of a copy of this Court's opinion, order, and judgment, with notice of entry, the respondent shall deposit in the office of the clerk of this Court a check in that amount made payable to the office of the State Comptroller; and it is further,

Ordered that should the respondent fail to pay the fine as directed within 30 days of service upon him of a copy of this opinion order and judgment with notice of entry he shall be imprisoned in an institution under the jurisdiction of the Commissioner of Correction of the City of New York for a period of 30 days, said sentence to run consecutively to any sentence which he is now serving.